# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANNA GALLARDO, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:17CV1601 SNLJ** |
| | ) | |
| **JOHNSON & JOHNSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

Plaintiffs include 77 individuals who claim defendants' talc-containing products caused ovarian cancer.   They filed this lawsuit in the Circuit Court for the City of St. Louis, Missouri.   Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc., (collectively, "Johnson & Johnson" or "J&J") removed the case to this Court.   Johnson & Johnson and defendant Imerys Talc America, Inc., ("Imerys") moved to dismiss the 75 plaintiffs who are not Missouri citizens (#4, #14).   In addition, J&J moved to stay (#7) this matter pending its likely transfer to the multidistrict litigation ("MDL") proceeding that has been established in the United States District Court for the District of New Jersey for the purpose of coordinating pretrial matters in talc-related litigation such as this one. Defendant Imerys has moved to join (#24) in J&J's motion to stay. Imerys has also filed a second motion to dismiss (#22) and has moved to transfer venue (#13). Plaintiffs have moved to remand

(#15), to expedite ruling on that motion (#17), and to stay pending discovery on personal jurisdiction questions (#18, #25).

Defendants seek federal jurisdiction, relying on the argument that the joinder of unrelated out-of-state plaintiffs who share citizenship with the defendants was so egregious as to constitute fraudulent joinder.   As plaintiffs point out in their motion to remand, this Court has frequently remanded cases such as this one, rejecting defendants' fraudulent misjoinder theory and holding that it does not have diversity jurisdiction due to the presence of plaintiffs who share citizenship with the defendants.   *See Loyd v. Johnson & Johnson, et al.*, 4:14-cv-01904-RWS, Memo & Order of Remand, CM/ECF Doc. #7 (E.D. Mo. Nov. 13, 2014) (Sippel, J.) (remanding sua sponte for lack of subject matter jurisdiction); *see also McGee v. Fresenius Med. Care N. Am., Inc*., 4:14-CV-967 SNLJ, 2014 WL 2993755, at *3 (E.D. Mo. July 3, 2014); *Spiller v. Fresenius USA, Inc.*, No. 4:13–CV2538 (HEA), 2014 WL 294430 (E.D. Mo. Jan. 27, 2014); *Aday v. Fresenius Med. Care N. Am., Inc*., No. 4:13–CV–2462 (CEJ), 2014 WL 169634 (E.D. Mo. Jan. 15, 2014); *Agnew v. Fresenius Medical Care North America, Inc.*, No. 4:13–CV–2468 (TCM), 2014 WL 82195 (E.D. Mo. Jan. 9, 2014).

In *McGee*, this Court noted that the Court's practice had generally been to address jurisdictional issues promptly in order to promote the efficient administration of justice. 2014 WL 2993755, at *2.   As such, the Court addressed the matter of subject matter jurisdiction and denied the defendants' motions to stay that sought to allow the cases to be swept up into the appropriate MDL.   *Id.*

However, on June 19, 2017, the United States Supreme Court in *Bristol-Myers*

*Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (June 19, 2017), essentially "changed the game" as it relates to these types of actions.  *See Swann v. Johnson & Johnson*, No. 4:17cv1845 SNLJ, Dkt. #133 at 2 (E.D. Mo. July 18, 2017).   The Supreme Court held in *Bristol-Myers* that to have specific personal jurisdiction, the suit "must aris[e] out of or relat[e] to the defendant's contacts with the forum."  *Id.* at 1780 (internal quotations omitted).   Specifically, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the state's regulation."  *Id.*   Following the *Bristol-Myers Squibb Co.* ruling, this Court has addressed personal jurisdiction before subject matter jurisdiction in at least one case because the personal jurisdiction "issue in [that] case [was] much easier to decide."  *Siegfried v. Boehringer Ingelheim Pharmaceuticals, Inc.*, Case No. 4:16-CV-1942 CDP, 2017 WL 2778107, at *2 (E.D. Mo. June 27, 2017).

Plaintiffs contend that the personal jurisdiction questions surrounding their claims against Johnson & Johnson are still complicated.   Specifically, plaintiffs maintain they have evidence that Johnson & Johnson is subject to personal jurisdiction in Missouri because J&J directed the manufacturing, packaging, and mislabeling of its talc products *in Missouri*.   Those issues are already being litigated in other talc lawsuits against J&J in Missouri state court, including in *Swann v. Johnson & Johnson*, No. 1422-CC0936 (Cir. Ct. City of St. Louis), which was in trial when the *Bristol-Myers* case was handed down and for which a mistrial was declared while the parties worked out personal jurisdiction questions.   The defendants then removed *Swann* to federal court, but that case was

3

remanded back to state court because defendants' removal came after the one-year removal deadline set forth in 28 U.S.C. § 1446(c). *Swann v. Johnson & Johnson*, No. 4:17cv1845 SNLJ (E.D. Mo July 18, 2017).   Plaintiffs here, however, do not contend that defendants removed this matter outside the statutory deadline, and defendants urge this Court to stay the matter so that the MDL court can address personal jurisdiction questions on a large scale, avoiding the possibility of inconsistent results and preserving judicial economy, and in keeping with numerous similar cases.   *See, e.g.*, *Rea v. Johnson & Johnson*, No. 4:16-CV-2165 (SNLJ) (E.D. Mo. Apr. 7, 2017); *Anderson v. Johnson & Johnson*, No. 4:17-cv-01232 (CDP) (E.D. Mo. Apr. 10, 2017); *Rice v. Johnson & Johnson*, No. 4:17-cv-01224 (CDP) (E.D. Mo. Apr. 10, 2017); *McBee v. Johnson & Johnson*, No. 4:17-CV-01496 (JAR) (E.D. Mo. June 9, 2017); *McNichols v. Johnson & Johnson*, No. 4:17-CV-01473 (JAR) (E.D. Mo. May 31, 2017); *Gallow v. Johnson & Johnson*, No. 4:16-CV-1123 (JAR) (E.D. Mo. Feb. 2, 2017); *Lucas v. Johnson & Johnson*, No. 4:16-CV-1339 (JAR) (E.D. Mo. Feb. 2, 2017); *Frazier v. Johnson & Johnson*, No. 4:16-CV-1388 (JAR) (E.D. Mo. Feb. 2, 2017); *Eveland v. Johnson & Johnson*, No. 4:16-CV-1436 (JAR) (E.D. Mo. Feb. 2, 2017); *Starks v. Johnson & Johnson*, No. 4:16-CV-1362 (AGF) (E.D. Mo. Feb. 2, 2017).   Defendant Imerys joins in J&J's motion to stay proceedings despite Imerys's own pending motions to dismiss and to transfer.   The Court will grant the defendants' motion to stay and deny plaintiffs' motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Johnson & Johnson's motion to stay (#7) is GRANTED.

**IT IS FURTHER ORDERED** that defendant Imerys's motion to join Johnson & Johnson's motion to stay (#24) is GRANTED.

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand (#15) and to expedite motion to remand (#17) are DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' motions to stay pending discovery on personal jurisdiction (#18, #25) are DENIED.

**IT IS FINALLY ORDERED** that this matter is **STAYED** pending further order of the Court.

Dated this ___24th___ day of July, 2017.

_____

UNITED STATES DISTRICT JUDGE